[No. 5,958.—In Bank.]

## McLERAN *v.* McNAMARA.

DISMISSAL OF ACTION—STIPULATION—MAXIM.—In an action of ejectment, (prior to the adoption of the Codes) a stipulation was filed, and an entry thereof made in the register, dismissing the action as to certain defendants and as to part of the land, but no judgment was entered thereon by the clerk. *Held,* that if it was necessary for a formal judgment to be entered, the law would consider that as done which ought to have been done.

ID.—ID.—ID.—STAY OF EXECUTION—JURISDICTION.—A plaintiff, who obtains judgment in violation of his written stipulation on file dismissing the action, may be restrained by the court in which judgment was obtained, from enforcing it.

ID.—ID.—The attorney for the plaintiff has power to dismiss the action by virtue of his general authority, and a stipulation to that effect does not depend for its efficiency upon a special consent or authority given him by the plaintiff.

APPEAL from an order perpetually staying the execution of a writ of possession, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

*B. S. Brooks,* for Appellant.

If the stipulation was signed and filed, it did not change the complaint, nor dismiss the suit as to block 23. There was no entry made in the clerk's register of any dismissal as to that block. Nor was any judgment entered. The order to show cause was sued out more than three years after the entry of judgment, and after the Court had lost all control of it. If there is any relief in this case, it ought to be by a new action. To allow this record to be impeached upon affidavits reduces the record to a value hardly appreciable.

*McAllister & Bergin,* for Respondents Noon and wife.

The stipulation having dismissed the action as to blocks 22 and 23, they were no longer within the jurisdiction of the Court. (*Windsor* v. *McVeigh,* 93 U. S. Rep. 276; *Bonds* v. *Hickman,* 29 Cal. 461; *Norwood* v. *Kenfield,* 34 id. 329.) The Court had power to correct its judgment and process. (*Rousset* v. *Boyle,* 45 Cal. 64.)

*M. Lynch*, for Respondents Fitzpatrick et al.

The dismissal of the action as to block 23 was a final judgment as to that property, in favor of all the defendants.    (Freeman on Judgments, 25–6; *Dowling* v. *Polack*, 18 Cal. 625; *Leese* v. *Sherwood*, 21 id. 151; *Karth* v. *Light*, 15 id. 324.)    The judgment afterward entered was void as to that block for want of jurisdiction.    The Court had power to correct its judgment and process, and to order a perpetual stay of execution.    (Freeman on Judgments, 66; *Rousset* v. *Boyle*, cited *supra*; Freeman on Executions, 45, and authorities cited; id. 54, 80; Herman on Executions, 619–620.)

*Jarboe & Harrison*, for Respondent Corcoran.

Sharpstein, J.:

This is an appeal from orders made by the Court perpetually staying execution of the writ of possession issued in this action, as to Mission Block No. 23, in the City and County of San Francisco.    It appears by the affidavits upon which the orders appealed from were made, that this action in ejectment was commenced on the 3rd day of May, 1865, against a large number of defendants, to recover possession of a tract of forty-eight acres, within which Mission Block 23 was included.    Among the defendants named in the complaint, were John Fitzpatrick, William Corcoran, Patrick Noon, Margaret Noon his wife, John N. Risdon, William Ware, Michael Wallace, and one Patterson. These defendants, with the exception of the two last named, claimed to be the owners and in the possession of Mission Blocks 22 and 23.    Whether Patterson and Wallace were in possession of any part of the premises, does not appear by the transcript.

On the 19th of March, 1866, a stipulation, of which the following is a copy, duly entitled in the cause, was filed in the office of the clerk of the Court in which the action was pending:

" The above entitled action is hereby dismissed and discontinued as against defendants J. N. Risdon, sued as J. A. Risdon; William Ware, Michael Wallace, sued herein as —— ——; —— Patterson, sued herein as —— ——, and also as against

and in regard to the blocks of land situated in the City and County of San Francisco, State of California, known and designated upon the official map of said city and county, as Mission Addition, or Mission Blocks, Nos. twenty-two (22) and twenty-three (23). March 17th, 1866.

"(Signed) Sloan & Provines, Plaintiff's Attorneys."

That Messrs. Sloan & Provines were the attorneys of the plaintiff at that time is not disputed, and it seems to be conceded that the signature is in the handwriting of Mr. Sloan, who, at that time, was a member of the firm, and who had this case particularly in charge. He died on the 25th of August, 1866, and within the next eighteen months the surviving partner of the firm, Mr. Provines, substituted the present attorney of the plaintiff, in place of the former attorneys. On the 8th of November, 1872, said action was dismissed as to the defendants John Fitzpatrick and William Corcoran, on the ground that the summons had not been served upon either of them. The cause was afterward tried, and on the 7th of January, 1874, a judgment was rendered in favor of the plaintiff and against certain of the defendants as to whom the action had not been dismissed, for the possession of the premises described in the complaint, including said Mission Block No. 23. On the 6th of April, 1877, a writ of possession was issued upon the judgment, and placed in the hands of the Sheriff, who, by virtue thereof, was about to remove the defendants Corcoran, Noon and wife, and one Judson, the successor in interest of John Fitzpatrick, from said block No. 23, when, upon motion made upon affidavits, stating the foregoing facts among others, the Court granted the orders from which this appeal is taken.

If full force and effect be given to the stipulation dismissing the action as to said block 23, it is difficult to conceive upon what ground said orders can be held to be erroneous. Of the authority of the attorneys of the plaintiff to bind him by such a stipulation, we entertain no doubt. The statute then and ever since in force gives to an attorney and counsellor authority "to bind his client in any of the steps of an action, or proceeding, by his *agreement in writing filed with the clerk*, or entered upon the minutes of the court, and not otherwise." If this stipulation was binding upon the plaintiff when it was made, it bound him not to prosecute the action any further as to block 23.

The Practice Act, then in force, provided that an action might be dismissed " by the plaintiff himself at any time before trial, upon the payment of costs, if a counter-claim has not been made." This clause is contained in the first subdivision of the section. In the fifth subdivision of the same section, this passage occurs : " The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly."

This certainly cannot mean that the plaintiff shall make an entry of dismissal in the clerk's register. All entries in that are made by the clerk, and none are ever made in it by either of the parties. The meaning of that clause doubtless is, that when a plaintiff dismisses an action, the clerk shall enter such dismissal in his register.

There was an entry, however, in the clerk's register which reads as follows:

" Discontinuance as to defendants Risdon, Ware, Wallace, and Patterson filed"; and as the action as to them and said blocks 22 and 23 was dismissed by one and the same instrument on file, we think that there was a substantial compliance with the law requiring the entry of the dismissal in the clerk's register, and that the dismissal became effective as soon as it was so filed and entered in the clerk's register. If the plaintiff chose to dismiss an action brought by himself as to any of the defendants, or land sued for in it, and no one interested as a party to the action objected to such dismissal, we are unable to see upon what principle such dismissal could be held to be a nullity, so long as no attempt was made to retract it. It would not do to permit a plaintiff to place such a dismissal on file and then leave it optional with him to treat it as effective or not. In *James* v. *Center*, 53 Cal. 31, the clerk before the trial, upon the application of the plaintiffs, entered judgment of dismissal. Subsequently, upon the motion of the defendants, the Court made an order vacating the judgment of. dismissal, and on appeal from that order, this Court held that that order was erroneous, and reversed it, " because the plaintiffs had a right to dismiss the action in the absence of a counter-claim." The difference between that case and this is, that in that the clerk, without any order, action, or direction of the Court, entered a judgment of dismissal. In this

case the clerk did not enter judgment of dismissal, but there was a stipulation on file upon which the clerk might have entered it without any order, action, or direction of the Court. And if the clerk had done so, the Court could not have vacated the judgment so entered.

In *Lander* v. *Guverneau*, No. 5,260, in this Court, but not reported, a stipulation of dismissal was filed and noted in the clerk's register. A motion was made to vacate it. Among the affidavits used upon the hearing was that of William Harney, who stated that he had been connected with the clerk's office of the City and County of San Francisco for twelve years, and that during that period it had been the usual practice when suits were dismissed by stipulation to note it in the register, " without the entry of a formal judgment of dismissal; the filing of the stipulation of discontinuance, and the noting of the same upon the register, being regarded as a final disposition of the action and as constituting a judgment of dismissal without further action." The motion was denied, and on appeal the order denying the motion was affirmed—upon what ground we cannot, in the absence of any report of the case, positively state.

The practice of the clerk, as stated by Mr. Harney, cannot have much weight in this case, and yet it explains very satisfactorily why no further steps were taken after the stipulation was filed and noted upon the register. Harney's affidavit was made in 1873—seven years after this stipulation was filed. We think that the dismissal by the plaintiff became operative as soon as filed and entered, as aforesaid. If a judgment should have been entered by the clerk, it is one of those cases in which the law will presume that to have been done which should have been done.

Assuming, therefore, that the stipulation was not procured by fraud, or other improper means—and there is no evidence tending to prove that it was—this question arises: Can the plaintiff who obtained a judgment in violation of his written stipulation on file in the action, be restrained by the Court in which the judgment was obtained from enforcing it?

In *Rousset* v. *Boyle*, 45 Cal. 54, the question was—whether a party who had obtained judgment for the exact quantity of land which he claimed in his complaint, but for much more than he

claimed on the trial, should be permitted to retain what he had thus recovered. To our comprehension, the questions in that case and in this are essentially the same. There was something in each case which showed indisputably that the plaintiff had recovered more than he claimed. In that case it appeared by affidavits, which were in no way controverted, that the plaintiff on the trial based his claim to recover upon a deed by which eight acres only were conveyed to him. The Court held that he should not retain more than he claimed on the trial, although he had not recovered more than he claimed in his complaint. Did not the plaintiff in the case at bar, by his stipulation, limit his claim to a recovery of so much of the premises described in his complaint as lay outside of said blocks 22 and 23? Does not the stipulation in this case establish that the plaintiff did not claim block 23 as clearly as the deed introduced on the trial of *Rousset* v. *Boyle* did that the plaintiff claimed only eight acres? To recover more than a party proved himself entitled to, is very different from recovering more than he claimed. In the one case the party aggrieved must resort to his motion for a new trial; in the other, the Court may grant relief as it did in *Rousset* v. *Boyle* and in the case at bar. Of course the fact that the party claimed less than he recovered, must be made clear beyond any doubt by something which, if it had been brought to the attention of the Court at any time before judgment, would have caused a different judgment to be entered. We can conceive of nothing that would establish more satisfactorily what a party did not claim, than his written stipulation on file. It certainly strikes us that such a stipulation would be quite as conclusive on that point, as the deed introduced in *Rousset* v. *Boyle*.

It is urged, however, on behalf of the plaintiff, that the stipulation should be disregarded, because, after it was filed and until an attempt was made to execute the writ of possession, the parties directly interested in it proceeded in apparent ignorance of its existence. That circumstance, if wholly unexplained, might be entitled to more weight than we, in view of the evidence before us, feel called upon to give to it. John N. Risdon in his affidavit states that he verily believes that he and the plaintiff procured the stipulation from Mr. Sloan, and that he, Risdon, procured it to be filed. He also states that his reason

for obtaining it was that he and his partner were desirous of procuring Corcoran's title to block 22, and that in exchange for it they offered to give Corcoran their interest in block 23, which he declined to accept unless they got it released from this suit. The affidavit of Corcoran corroborates that of Risdon as to the motive for obtaining the dismissal of the action as to block 23, and further states that the exchange of interests referred to in Risdon's affidavit was thereafter effected by an interchange of conveyances. The plaintiff in one of his affidavits says: "As to the stipulation of March 17th, 1866, I know nothing about it." In a later one he says: "I have no recollection of procuring the said stipulation from Sloan and Provines, or that Mr. Sloan signed the same in the office of Mr. Minturn, or ever being in that office with Mr. Sloan or Mr. Risdon for any purpose whatever, and I do not believe any such thing ever took place." In neither of his affidavits does he state at what time he first became aware of the existence of the stipulation. His recollection as to his being present with Risdon at Minturn's office when Mr. Sloan signed the stipulation does not accord with that of Risdon.

If the plaintiff did not become aware of the existence of the stipulation until it was brought to light in the proceedings which resulted in the orders appealed from, there is no evidence that any person except Risdon had ever seen it before that time; and if, as does not seem improbable, Risdon was, after the death of Mr. Sloan, the only person who had actual knowledge of the contents of the stipulation, that circumstance, in connection with the fact that the action as to Corcoran was dismissed soon after the filing of it, may account for its being lost sight of. Risdon's interests, after his negotiations with the plaintiff and Corcoran, were all concentrated in block 22, for which he had the plaintiff's and Corcoran's deeds, and therefore was not in any way interested in the stipulation or action after that. The fact that the summons in the action was not served upon Corcoran and Fitzpatrick, who claimed most of block 23, is of some significance in this connection. The omission to serve them may have been in consequence of the dismissal as to that block. And we cannot overlook the fact that between the date of the commencement of the action and that of the issuance of the

writ of possession, a period of nearly fifteen years elapsed, dur-
which some persons connected with the litigation died.    There
may be those living who knew of the stipulation when it was
filed, and forgot all about it before the trial of this action.    But
in any event, it was properly signed, filed, and entered, and
when brought to the attention of the Court, was entitled, we
think, to the consideration which it received.    It was not liable,
like a demand, to become stale from the lapse of time.    No
statute of limitations runs upon such stipulations.

If the efficacy of the stipulation had depended upon the
plaintiff's having assented to it, or given special authority to his
attorney to enter into it, the aspect of the case might be differ-
ent.    But the general authority of the attorney was sufficient.
This is very clearly illustrated in *Guillard* v. *Smart*, 6 Cowen,
383.

Independently of the stipulation, the defendant Corcoran,
and Judson, the successor in interest of the defendant Fitzpat-
rick, are entitled to the stay which has been granted.    The af-
fidavits tend to prove that Corcoran and Fitzpatrick were in
possession of block 23 before and at the time of the commence-
ment of this action.    That, coupled with the fact that the action
was dismissed as to them, justified the Court in granting the
stay as to them.

The proceeding by motion based upon affidavits, instead of by
action to obtain the relief sought in this case, was sustained in
*Rousset* v. *Boyle*, and we are as yet unable to discover any suf-
ficient reason for overruling that case.

The orders appealed from are affirmed.

Morrison, C. J., and Myrick, J., concurred.

McKinstry, J.:    I concur in the judgment.

Ross, J.:

I concur in the judgment and in the opinion of Mr. Justice
Sharpstein, except in that part of the latter where he speaks
of the case of *Rousset* v. *Boyle*, 45 Cal. 64.