'(November 20, 1899.)

## BOYD v. STEELE, Judge.

[59 Pac. 21.]

PROHIBITION—DISMISSAL—RIGHT OF PLAINTIFF TO DIRECT ENTRY IN REGISTER OF ACTIONS.—Under the provisions of section 4354 of the Revised Statutes, which provides that an action may be dismissed by the plaintiff at any time before trial, upon payment of costs, provided a counterclaim has not been made or affirmative relief sought by the defendant, the plaintiff in such a case is entitled to a dismissal upon payment of costs and filing his dismissal with the clerk.

SAME—DUTY OF CLERK.—The clerk could not defeat a dismissal by neglecting or refusing to enter a formal judgment of dismissal.

ENTRY OF JUDGMENT.—If the provisions of said section requires a formal entry of judgment, it is one of the cases in which the law presumes that to have been done which ought to have been done.

EFFECT OF OMISSION TO ENTER JUDGMENT OF DISMISSAL.—The omission to enter a judgment of dismissal did not defeat the plaintiff's dismissal of said action, nor did such dismissal remain in abeyance until the entry of judgment.

(Syllabus by the court.)

Original proceeding for writ of prohibition.

W. T. Birdsall and Orland & Smith, for Plaintiff.

No brief filed.

Willis Sweet and S. S. Denning, for Defendant.

No brief filed.

SULLIVAN, J.—This is an application for a writ of prohibition, and arises out of the following facts: The plaintiff, Joseph H. Boyd, brought an action in the district court of the second judicial district, in Latah county, against Willis Sweet and William L. Spaulding, in which action plaintiff prayed that the assignment of a certain judgment obtained in the case of said Spaulding against the Coeur d'Alene Railway and Navigation Company, made by said Spaulding to defendant Sweet, be set aside and declared void, and that said Boyd be adjudged to be the owner thereof; for a temporary injunction, for a receiver,

and for other relief, which is fully set out in the prayer to said complaint. Defendants demurred to said complaint, which was overruled. Defendants thereupon filed separate answers, and the plaintiff (who is petitioner here) demurred to one answer, and moved to strike the other. Said plaintiff thereafter, on the twenty-sixth day of April, 1899, through his attorney, directed the clerk of said court to enter upon the proper page in the register of actions a dismissal of said suit. The clerk made the following entry in said book: "April 26, 1899. Order of dismissal filed April 26, 1899. This action is hereby dismissed, at request of plaintiff, who paid all costs." The following paper was filed in said suit on the same day, to wit:

"*District Court of Idaho in the Second District.*

"In Equity.

"JOSEPH H. BOYD
       against
WILLIAM L. SPAULDING and WILLIS
    SWEET.
$\left.\right\}$ No. 1907.

"It duly appearing by the pleadings herein that the answer of defendants does not contain a counterclaim or affirmative defense: Now, on motion of R. L. Edmiston, one of the attorneys for the plaintiff herein, it is ordered and adjudged that this action may be, and the same is hereby, dismissed on the payment by plaintiff to the defendants or their attorney of the sum of one dollar, the amount of defendants' costs as taxed herein by the court.          (Signed)    "OSCAR LARSON,
                                   · "Clerk.

                        "By E. C. HALL,
                              "Deputy.

                    "R. L. EDMISTON and
                    "ORLAND & SMITH,
                        "Attorneys for Plaintiff.

"Filed April 26, 1899. Oscar Larson, Clerk. By E. C. Hall, Deputy."

On the twenty-seventh day of April, 1899, the plaintiff, Boyd, brought another action for the same cause in the circuit court of the United States, in the district of Idaho, against the same defendants. The defendants appeared therein, and filed a plea in abatement, upon the ground of the pendency of said suit in the state court, and attached to said plea were copies of papers, showing that an application had been made to said state court to vacate said order of dismissal; that on May 16, 1899, said plea was overruled by said circuit court, and thereafter, on July 1, 1899, said court made an order wherein it is recited that satisfactory evidence had been furnished, showing that an action between these parties for the same cause was then pending in the state court, and that said action was commenced prior to the one in the circuit court. Further proceedings were ordered suspended in said circuit court until further order. The defendants, on May 25, 1899, moved to vacate and set aside said order of dismissal, supposing, as they say in their brief, that in attempting to dismiss said cause the attorneys for the petitioner had complied with the statutory requirements; that this misapprehension was due to the fact that counsel who drew the petition was in Spokane, Washington, and was not fully advised as to the nature and character of the dismissal proceedings. When the petition to vacate said order of dismissal was presented to the district court, the court stated that the document described as a judgment of dismissal was a void instrument, and therefore of no force or effect; hence there was nothing to set aside or dismiss. Thereupon defendant Spaulding filed his amended answer and cross-complaint. The day after the filing of said amended answer, the plaintiff, Boyd, by his attorneys, who appeared specially for that purpose, and no other, moved for a *nunc pro tunc* order dismissing said action, which motion was denied on the grounds that the provisions of section 4354 that apply to a plaintiff dismissing his action had not been complied with by the plaintiff. Said provisions are as follows: "An action may be dismissed, or a judgment of nonsuit entered in the following cases: 1. By the plaintiff himself, at any time before trial upon payment of costs; provided, a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of

defendant. If a provisional remedy has been allowed the under-
taking must thereupon be delivered by the clerk to the defend-
ant, who may have his action thereupon; 2. By either party,
upon the written consent of the other; 3. By the court, when
the plaintiff fails to appear on the trial, and the defendant ap-
pears and asks for the dismissal; 4. By the court, when, upon
the trial, and before the final submission of the case, the plain-
tiff abandons it; 5. By the court, upon motion of the defend-
ant, when, upon the trial, the plaintiff fails to prove a sufficient
case for the jury. The dismissal mentioned in the first two sub-
divisions is made by an entry in the clerk's register. Judgment
may thereupon be entered accordingly." So far as shown to the
court below, the plaintiff had paid the costs, and had the fol-
lowing entry made in the register of actions by the clerk, to
wit: "April, 26, 1899. This action is hereby dismissed at re-
quest of plaintiff, who paid all costs." That court says, *inter
alia:* "No dismissal has been filed by the plaintiff, and the clerk,
being governed by the rules which control ministerial officers,
must be required to have these prior steps taken, or else his
entering judgment would be void." That decision goes off on the
point that the said statute requires the plaintiff to file a dis-
missal, and that he had failed to file it.

We have, perhaps, gone more into the facts of this case than
was necessary to a decision of the question raised; but it is one
of more than ordinary importance, and we desire to present the
facts quite fully. The question for decision is, Did the plaintiff
dismiss said action, under the provisions of said section 4354 of
the Revised Statutes? It is not contended that the answer con-
tains a counterclaim, and it is not seriously contended that
affirmative relief is sought by the answer or cross-complaint, ex-
cept that the statute of limitations is set up as a defense. We
do not think that the plea of said statute is a counterclaim or
a demand for affirmative relief, within the meaning of the term
"affirmative relief," as used in said section. It appears from
the record that the attorney for plaintiff appeared at the
office of the clerk of said district court on the twenty-sixth
day of April, 1899, and inquired of the said clerk the full
amount of costs, due in said case, including defendant's costs

and the cost of entering judgment of dismissal; and, when the clerk informed him, he thereupon paid all of said costs, and demanded a dismissal of said action, and at the same time presented a formal judgment of dismissal, duly signed by R. L. Edmiston and Orland & Smith, attorneys for plaintiff, which was duly signed by the clerk and filed by him on said twenty-sixth day of April, 1899, a copy of which is above given. On said twenty-sixth day of April said clerk made an entry of the dismissal of said action in his register of actions. Under those facts, was said action dismissed?

It is contended by defendant that this action was not and could not be dismissed until the judgment was entered in the judgment book; and he cites several authorities in support of his contention, and, among them, *Adams v. McPherson,* 3 Idaho, 117, 27 Pac. 577; *Durant v. Comegys,* 3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755; and *Ah Kle v. McLean,* 3 Idaho, 70, 26 Pac. 937. Those cases went off on the ground that the transcripts failed to show that a judgment had been entered; and as section 4807, of the Revised Statutes, provides that an appeal may be taken within a definite time therein fixed, after the entry of judgment, the court held that the transcripts must show that judgment had been entered before the appeal was taken, the entry of judgment being a prerequisite to the right of appeal. *Stearns v. Aguirre,* 7 Cal. 443, is cited by counsel for respondent. In that case two defendants were jointly sued, and service had on both. One answered, and the other did not. The latter's default was entered, and, without the authority or direction of the court, the clerk entered judgment by default against him. The court held, under section 32 of the Practice Act, and under the facts of that case, that the clerk had no authority to enter judgment. The rule there laid down cannot apply to the case at bar. The judgment there entered was not one of dismissal made on the order or request of the plaintiff. The same may be said of *Kelly v. Van Austin,* 17 Cal. 564. In *James v. Centre,* 53 Cal. 31, it is held that a judgment of dismissal may be entered by the clerk on the application of the plaintiff, notwithstanding a cross-complaint had been filed, provided the cross-

complaint did not set up a counterclaim. The court says: "The judgment of dismissal in form entered by the clerk was properly entered, inasmuch as no counterclaim had been made." That case does not hold that it is absolutely necessary for a judgment of dismissal to be entered, before the dismissal shall take effect. In *McLeran v. McNamara*, 55 Cal. 508, which was an action in ejectment, involving more than one piece of real estate, and against several defendants, the attorneys for the plaintiff filed a written dismissal of the action as to some of the defendants (naming them), and as to some of the real estate (describing it) ; and an entry of such dismissal was entered by the clerk in the register of actions, but no judgment of dismissal was entered. The court quotes a part of the Practice Act then in force, which was like our section 4354; and, after quoting as follows: "The dismissal mentioned in the first two subdivisions shall be made by entry in the clerk's register. Judgment may thereupon be entered accordingly"— the court says: "This certainly cannot mean that the plaintiff shall make an entry of dismissal in the clerk's register. All entries in that are made by the clerk, and none are ever made in it by either of the parties. The meaning of that clause doubtless is that, when a plaintiff dismisses an action, the clerk shall enter such dismissal in his register. . . . . We think that the dismissal by the plaintiff became operative as soon as filed and entered as aforesaid. If a judgment should have been entered by the clerk, it is one of those cases in which the law presumes that to have been done which should have been done." That case was decided in 1880, and we think the rule laid down in the above quotation is the correct one, as applied to a dismissal made by the plaintiff under the provisions of said section. In the case at bar the plaintiff paid all costs, and filed his dismissal of the suit; and, if the clerk neglected to make an entry in the said matter as required by law, it is one of the cases in which the law presumes that to have been done which should have been done. Section 4354 of the Revised Statutes is identical with section 354 of the Practice Act adopted by the territorial legislature of 1881 (Sess. Laws 1881, p. 74), which act went into effect May 21, 1881. If

that part of the section of the California Practice Act above quoted is correctly quoted in the case last cited, it has since been amended; for we find in 3 Deering's Code of Civil Procedure of California, section 581, that said section was amended in 1885 in this, as well as other matters, to wit: The period after the word "register" and between the word "judgment" was changed to a semicolon, and the word "judgment" begun with a small letter, thus changing two independent sentences to a compound one. The supreme court of California evidently concluded that said amendment made some change in the meaning of said sentences; for in *Page v. Superior Court,* 76 Cal. 372, 18 Pac. 385, it is held that an action which is directed to be dismissed by the plaintiff under the provisions of section 581 of the Code of Civil Procedure is not dismissed until the judgment of dismissal has been entered in the judgment-book, and an entry of dismissal made in the register of actions; that a mere entry of dismissal in the register of actions is not sufficient. The court says: "The direction to enter a judgment in the judgment-book is mandatory, because it imposes a public duty upon a ministerial officer"; and, "But until the judgment is entered the action is not dismissed." The court in that case does not refer to *McLeran v. McNamara, supra,* wherein it held that the dismissal became operative as soon as filed and entered in the register of actions, and that, "if a judgment should have been entered by the clerk, it is one of those cases in which the law will presume that to have been done which should have been done." The case of *Page v. Page,* out of which arose the case of *Page v. Superior Court, supra,* was for a divorce. The defendant answered, asking for alimony, which the court allowed, and also allowed counsel fees. Thereafter said order was set aside, and the motion for alimony set for hearing on a day certain. Before that day arrived, the plaintiff filed a dismissal with the clerk, and an entry thereof was made in the register of actions, but no judgment of dismissal was entered in the judgment-book. We think in that case the court arrived at a right conclusion, but gave a wrong reason therefor. The defendant appeared, answered, and asked for alimony— asked for affirmative relief; and for that reason the plaintiff

could not dismiss said action. In *Acock v. Halsey,* 90 Cal. 215, 27 Pac. 193, it was held that the dismissal of the action by plaintiff did not take effect until the judgment of dismissal was entered in the judgment-book, and the court cites *Page v. Superior Court, supra. Acock v. Halsey* was a replevin suit. The plaintiff gave an undertaking for the delivery of the property in question to him. The property was taken from the defendants and delivered to the plaintiff. The defendants thereupon gave a redelivery bond, and before the property was returned to them the plaintiff undertook to dismiss his suit. The decision of that case was right, but we think the reasons given for it were wrong. The process of the court had been used to take property from the possession of the defendants without giving them their day in court. In replevin suits, when property has been taken from defendants and delivered to plaintiff, and in divorce suits, when alimony or other relief has been asked for by defendants, voluntary dismissals by plaintiffs ought not to be allowed, and are not permitted by the provisions of said section 4354 of the Revised Statutes. *Rochat v. Gee,* 91 Cal. 355, 27 Pac. 670, was a copartnership settlement. The plaintiff asked for a receiver, an accounting, and dissolution. A receiver was appointed. He qualified, and took possession of the partnership property, and operated a lumber-mill belonging to the firm. The defendant answered, admitting the partnership, but denying the allegations on which plaintiff relied for relief. Thereafter plaintiff filed a dismissal or abandonment of the action, which abandonment was entered in the register of actions. On those facts the court says: "But no judgment of dismissal was ever made or entered, nor was any order of the court made in relation to the matter of abandonment," and holds that the case was not dismissed, and cites as an authority *Page v. Page,* 77 Cal. 83, 19 Pac. 183. It would seem to us that, if a judgment of dismissal had been entered under the facts of that case, the court ought not to have permitted it to stand. It would have been a fraud upon the rights of the defendant, and we apprehend that the provisions of section 581 of the Code of Civil Procedure of California were not enacted to enable the plaintiff to perpe-

trate a fraud upon the defendant. *Barnes v. Barnes,* 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660, is a divorce case, in which defendant did not appear before plaintiff had filed his dismissal. The clerk failed to enter judgment, and the court held that the paper filed by the plaintiff amounted to an order for dismissal, and that until judgment was entered the court retained jurisdiction, and that defendant might answer. With one further reference to California authorities upon this subject, we will close. In the case of *Kaufman v. Superior Court,* 115 Cal. 152, 46 Pac. 904, the court says: "If plaintiff was at that time entitled to dismiss his action, the failure of the clerk to perform his ministerial duties by entering the dismissal, to be entered in his judgment-book, should not and cannot be allowed to affect the substantial rights of the parties. In other words, if plaintiff at that time had the right to dismiss his action, and had taken all the proper steps to that end, that right could not be impaired or lost by the refusal of the clerk to perform a plain duty, or by the subsequent filing of a cross-complaint by one of the defendants, or by both of these circumstances."

It is thus shown that the California decisions are not uniform, and some of them are most unsatisfactory to us. We, however, think that the rule as announced in *McLeran v. McNamara* and *Kaufman v. Superior Court, supra,* is the correct one, and that in a proper case, where the plaintiff pays all costs and orders a dismissal, the dismissal cannot be defeated by the refusal or neglect of the clerk to enter a dismissal in the register of actions, or to enter judgment of dismissal. There is no question but that the plaintiff, by his attorney, intended to, and did, dismiss said action. He paid the costs, and the clerk made an entry in the register of actions to the effect that at the request of the plaintiff said action was dismissed, and that he paid all costs. The attorney for plaintiff did not make that entry, nor would it have been proper for him to do so, as it is the duty of the clerk to keep the register of actions, and to make all entries therein. A written form of judgment of dismissal, reciting that the answers of defendants did not contain a counterclaim or seek affirmative relief, and that on

the motion of R. L. Edmiston, one of the attorneys, said action was dismissed, which writing was signed by said Edmiston, and that in connection with the entry of such dismissal in the proper place in the register of actions, was a substantial compliance with the provisions of said statute applicable to this case. The clerk could not defeat the plaintiff from dismissing said action by neglecting to enter a formal judgment of dismissal, if such a judgment is required by the provisions of said section to be entered. It is not the clerk who dismisses the action like the one at bar. He can neither dismiss, nor prevent a dismissal. The provisions of said section under consideration absolutely authorize the plaintiff to dismiss his action. Neither the clerk nor the court can prevent him from so doing, provided he brings himself within the provisions of said statute. Said section does not, in terms, require a written dismissal to be filed. It requires payment of all costs, and an entry of dismissal in the register of actions, both of which were done in this case. At section 106 of Black on Judgments it is said: "The rendition of a judgment is the judicial act of the court. . . . . The entry, of a judgment is the ministerial act of spreading on the record a statement of the final conclusions. . . . . The omission to enter does not destroy, nor does its vitality remain in abeyance until it is put upon the record. . . . . There are certain purposes, however, for which a judgment is required to be duly entered before it can be available, or be attended by its usual incidents. Thus, as above remarked, this is a prerequisite to the right to appeal." The author is there discussing judgments rendered by a court. In the case at bar the plaintiff had the right to dismiss his action without permission of the court, and without its judgment. Had he wished a judgment by way of nonsuit, he must have applied to the court for it. Said section 4354 provides for dismissals by the plaintiff himself, and judgments of nonsuit, which judgments of nonsuit are rendered by the court. We think the last sentence of said section, to wit, "Judgment may thereupon be entered accordingly," applies to judgments of nonsuit, and not to dismissals by plaintiffs.

Other points are found in the record, but as the plaintiff dismissed his said action, and the court below thereby lost jurisdiction, it is not necessary for us to pass upon them. A peremptory writ of prohibition ought to issue, and it is so ordered.

Huston, C. J., and Quarles, J., concur.