[Civ. No. 299.   Second Appellate District.—November 27, 1906.]

D. McINTOSH, Respondent, v. H. W. ROBB, Appellant.

MINING CLAIMS—LEASE FOR ROYALTY—TIME OF PAYMENT—IMPLIED
   COVENANT OF LESSEE FOR DILIGENCE.—In a mining lease, which
   provides for a royalty to the lessor aggregating $1,500, payable
   semi-annually in six payments, beginning six months from date
   of the lease, there is an implied covenant on the part of the lessee
   for diligent search and operation, and he is bound to proceed with
   his mining operations with reasonable diligence.

ID.—DELAY AND REFUSAL TO CONTINUE WORK—RESCISSION—CANCELLA-
   TION OF LEASE.—The delay and refusal of the lessee, after one
   month's work, for a year and a half thereafter to operate the mine
   under the lease, and his failure to pay any of the six months' in-
   stallments of royalty as agreed in the lease, constituted such a breach
   of contract on his part, and such a failure of the consideration upon
   the faith of which the contract was entered into on the part of the
   lessor, as warranted the lessor in rescinding the lease and suing to
   have the same canceled.

ID.—PLEA OF ANOTHER ACTION PENDING—DISMISSAL—DIRECTION TO
   CLERK—FAILURE OF CLERK'S DUTY IMMATERIAL.—A plea of another
   action pending involving the same matters is not tenable, where
   plaintiff, having the right to dismiss such action, had filed a writ-
   ten order to the clerk to enter the dismissal thereof, properly signed
   by his attorneys.   This formal order and direction to the clerk
   operated as a dismissal of the prior action, and left the plaintiff
   free to commence a new action at his option.   The failure of the
   clerk to perform his ministerial duty to enter the dismissal, and to
   cause a proper judgment of dismissal to be entered in the judgment-
   book, cannot affect the substantial rights of the parties.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.   N.
H. Conklin, Judge.

The facts are stated in the opinion of the court.

F. P. Willard, for Appellant.

Luce, Sloan & Luce, for Respondent.

GRAY, P. J.—This is an action for the rescission, cancellation and setting aside of a mining lease. The plaintiff had judgment and the defendant appeals therefrom, and also from an order denying his motion for a new trial.

No specific term is mentioned in the contract, a cancellation of which is sought herein, but said contract is entitled a "mining lease," and it is stated that the same is made "for the purpose—mining minerals or gems, and in consideration of the said demise the said lessee does covenant and agree with the said lessor, his heirs or assigns, to pay and deliver a royalty in amount and conditioned as follows: 10 per cent of the net proceeds of any, and all, mining operations upon said property from date of this lease and until such a time as the sum of all the separate payments of royalty shall equal fifteen hundred dollars, at which time royalty shall be fully paid up and free to said lessee for a period of fifteen years from date of this lease, provided that payments shall not exceed six in number and shall be semi-annual and shall begin on or before six months from date of this lease," etc. The evidence showed, and it is found by the court, that by virtue of said contract the defendant entered upon and took possession of the premises for the period of one month after the date of the lease, the third day of December, 1903, and did during that month mine, work, and prospect on said lands to the extent of making a cut in the hillside thereon, about eight feet in width and ten or twelve feet in length and seven or eight feet deep at the deepest part, and that he performed no other work of mining or development upon said property of any amount or value, and that thereafter said defendant entirely failed and refused to further enter upon and carry on the work of mining for minerals or gems on said premises, or to do any work of mining or development thereon, and that said defendant has at all times failed and refused to pay to plaintiff any royalty or rental for said premises, or to perform any of the conditions, or to pay any of the considerations provided for in said contract or otherwise. It is further found that on the sixth day of September, 1905, said plaintiff gave notice to said defendant of his rescission of said contract and agreement, and terminated the same by serving upon and delivering to said defendant a written notice of said rescission, as set forth in the complaint, terminat-

ing said agreement or lease and requiring said defendant to quit and deliver up to plaintiff said premises.

It appears that for about a year and a half following the first month after the execution of this contract there was an entire failure on the part of the defendant to do anything under the contract, and during all that time he failed to comply with the agreement to pay royalty in direct violation of that portion of the agreement which provides that payments shall not exceed six in number, shall be semi-annual and shall begin on or before six months from the date of the lease. In contracts of this character there is an implied covenant for diligent search and operation, and under such a contract the lessee is bound to proceed with his mining operations with reasonable diligence. As is said in *Conrad* v. *Morehead*, 89 N. C. 31, of a similar lease: "It would be unjust and unreasonable, and contravene the nature and spirit of the lease, to allow the lessee to continue to hold his term a considerable length of time, without making any effort at all to mine for gold or other metals. Such a construction of the rights of the parties would enable him to prevent the lessor from getting his tolls under the express covenant to pay the same and deprive him of all opportunity to work the mine himself or permit others to do so. The law does not tolerate such practical absurdity, nor will it permit the possibility of such injustice." (See *Maxwell* v. *Todd*, 112 N. C. 677, [16 S. E. 926].) As further showing that the lessee was under an implied obligation through the terms of his contract to proceed with his mining operations with reasonable diligence, we cite the case of *Ray* v. *Western etc. Gas Co.*, 138 Pa. St. 576, [21 Am. St. Rep. 922, 20 Atl. 1065], and quote therefrom: "The clear purpose of the lessor was to have his land operated for oil or gas, and the condition was inserted for his benefit. While the obligation on the part of the lessee to operate is not expressed in so many words, it arises by necessary implication. . . . If a farm is leased for farming purposes, the lessee to deliver to the lessor a share of the crops, in the nature of rent, it would be absurd to say, because there was no express agreement to farm, that the lessee was under no obligation to cultivate the land."

We are of opinion that the delay of a year and a half to operate under the lease, and the failure to pay any of the six

months' installments during that time, as provided in the
contract, was such a decided failure on the part of the lessee
to comply with his contract as warranted the plaintiff in
rescinding the same, giving notice of the termination there-
of and having the same canceled; and we see no error in the
court in granting the plaintiff such relief on the case pre-
sented to it. We deem this failure to pay as agreed, and
failure to mine for minerals for this long period, as a failure
of the consideration upon the faith of which the contract
was entered into on the part of the plaintiff, and fully war-
ranted the plaintiff in bringing the contract to an end.

The answer of defendant also sets up as a defense a plea
of another action pending, involving the same matters con-
tained in this action. The record of that action was placed
in evidence, wherein it appears that on the third day of
November a demurrer to the plaintiff's complaint in that
action was sustained and ten days allowed to file an amended
complaint, and that thereafter, on November 13, 1905, plain-
tiff's time for filing amended complaint was extended by
the order of the court ten days, to November 23, 1905. On
November 22, 1905, before the plaintiff's time to amend his
complaint had expired, the plaintiff filed with the court a
written order and direction, addressed to the clerk of said
court, and directed said clerk as follows: "You will enter
the dismissal of the above-entitled action." This was signed
by the attorneys for the plaintiff in that case. This formal
order and direction to the clerk on the part of the plaintiff,
we understand, operated as a dismissal of that action and
left the plaintiff to commence a new action at his option.
An action so dismissed cannot be pleaded as an action pend-
ing, nor does it in any manner interfere with or operate as
a defense in a new action. The failure of the clerk to per-
form his ministerial duties by entering the dismissal and
causing a proper judgment of dismissal to be entered in
his judgment-book should not and cannot be allowed to affect
the substantial rights of the parties. "In other words, if
plaintiff at that time had the right to dismiss his action and
had taken all the proper steps to that end, that right could
not be impaired or lost by the refusal of the clerk to per-

form a plain duty." (*Kaufman* v. *Superior Court*, 115 Cal. 152, [46 Pac. 904].)

The judgment and order are affirmed.

Allen, J., concurred.

Smith, J., concurred in the judgment.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1907.