### YUSKY et al. v. CHIEF CONSOL. MINING CO.

No. 4199.   Decided April 17, 1925.   (236 P. 452.)

1.  DISMISSAL AND NONSUIT—WHETHER PLAINTIFF HAD RIGHT TO DISMISS ON PAYMENT OF COSTS PRESENTED A JUDICIAL QUESTION FOR COURT. Whether plaintiff, against objection of defendant, after commencement of a trial on the merits, had absolute right to dismiss an action on payment of costs as provided in Comp. Laws 1917, § 6848, where neither a cross-complaint nor counter-claim was filed for affirmative relief, presented a judicial question to be determined by the court.

2.  APPEAL AND ERROR—JUDGMENT RENDERED ON DISMISSAL REQUIRED TO BE ENTERED IN JUDGMENT BOOK TO SUPPORT AN APPEAL. Where right of plaintiffs to dismiss their case, after trial on merits had commenced, presented a judicial question, which could only be decided by court, order of plaintiffs and entry in register, purporting to be a final disposition of case, and judgment rendered thereon, should have been entered in judgment book to support an appeal, in view of Comp. Laws 1917, § 7220.[1]

---

[1] *Robinson* v. *Salt Lake City*, 37 Utah, 520, 109 P. 817; *Lukich* v. *Utah Construction Co.*, 48 Utah, 452, 160 P. 270.

See Headnote 1.   18 C. J. p. 1158.

Headnote 2.   4 C. J. p. 45.

Headnote 3.   4 C. J. p. 762 (1926 Anno.).

3. APPEAL AND ERROR—PRIOR ACTION WAS STILL PENDING, THOUGH PLAINTIFF MOVED TO DISMISS BEFORE COMMENCEMENT OF TRIAL. Prior action was still pending, though plaintiff moved to dismiss it before commencement of trial of later action, where court refused to do so; appellate court not presuming in such a case that to have been done which ought to have been done.

Appeal from District Court, Third District, Salt Lake County; *Wm. M. McCrea*, Judge.

Action by William Yusky and another against the Chief Consolidated Mining Company. Judgment for defendant, and plaintiffs appeal.

AFFIRMED.

*Willard Hanson* and *Dey, Hoppaugh & Mark*, all of Salt Lake City, for appellants.

*Cheney, Jensen, Martineau & Stephens*, of Salt Lake City, and *Bogle, Bogle & Holman*, of Seattle, Wash., for respondent.

THURMAN, J.

This action was commenced in the district court of Salt Lake county October 30, 1922, to recover damages for alleged wrongs committed by defendant, by which it is claimed plaintiffs were deprived of the benefits of a certain lease upon mining property situated in Juab county, Utah. Divers motions and demurrers were filed by defendant and amendments to pleadings allowed by the court, none of which, however, are material on this appeal, except the amended answer of defendant and plaintiffs' reply thereto. The amended answer set up as an affirmative defense that there was another action pending for the same cause between the same parties in the district court of Juab county, Utah, instituted by plaintiffs in said court January 18, 1922.

Replying to the alleged affirmative defense, plaintiffs ad-

mitted that an action was commenced in the Juab county
court, as alleged in the complaint, that process was served
thereon, and that the defendant appeared and answered, but
plaintiffs affirmatively alleged that defendant filed no coun-
terclaim, and that—

"On the 10th day of October, 1922, while said action was pending
and during the trial thereof, plaintiffs finally rested, and before final
submission plaintiffs moved said court to dismiss the same; that said
court thereupon ordered that said motion to dismiss be sustained,
and further ordered the jury impaneled therein to be discharged."

It is further alleged in the reply: That the clerk of said
court, on the same date, made the following entry on his
register of actions: "Case dismissed." That plaintiffs com-
menced the present action, believing that the former action
had been dismissed, and never knew that a formal judgment
had not been entered in the judgment book of the clerk
of said court until the defendant filed its answer setting up
the pendency of the former action as an affirmative defense.

Numerous other proceedings were alleged in plaintiffs'
reply, tending to show the efforts made by plaintiffs, before
the trial of the instant case, to have a formal judgment of
dismissal entered in the Juab county case; but as these
matters appear in the findings of the court in the case at
bar, and will be hereinafter quoted at length, it is unneces-
sary to make further reference to them in this connection.

This case came on for trial on the 20th day of February,
1924. Counsel for defendant moved the court to proceed
first to try the question as to the pendency of another ac-
tion, presented by defendant as an affirmative defense. The
trial of that issue proceeded accordingly. Witnesses were
sworn and examined and documentary evidence admitted
relating to proceedings in the district court of Juab county.
The cause having been submitted, the court found the fol-
lowing facts and conclusions of law:

"That on the 18th day of January, 1922, the identical plaintiffs
herein instituted in the Fifth judicial district court for the state of
Utah, in and for the county of Juab, a prior suit against the iden-
tical defendant herein, for the identical moneys and proceeds
now claimed due in the suit herein, and upon the identical

cause of action set out and alleged in plaintiffs' complaint here-in. That in said prior action process was duly issued against the defendant and defendant was compelled to appear, answer, and stand trial in the same, and this identical defendant did appear and answer therein, but made no counterclaim and sought no affirmative relief. That upon the trial of said cause in the Fifth judicial district court for the state of Utah, in and for the county of Juab, and after plaintiffs had rested in their case in chief and defendant had rested in its case, but before the final submission of said cause, plaintiffs, through their counsel, Mr. Hanson, moved the court for an order dismissing the case without prejudice as follows: 'So I will now ask your honor to make an order dismissing the case without prejudice. I cannot see how we can prevail, so your honor may make an order dismissing the case without prejudice. We may be wrong.'

"That thereupon defendant, through its counsel, Mr. Holman, resisted said motion as follows: 'We resist the motion which you make. You make this motion and I say we resist it because sooner or later somebody has got to test this question out. We at this time move the court to enter a judgment of dismissal with prejudice to the plaintiffs, or, in case the plaintiffs are willing to proceed, that we proceed.'

"That thereupon Mr. Hanson, for plaintiffs, stated: 'Let the record show that we resist defendant's motion that it should be dismissed with prejudice, and that we refuse to proceed further, and that we insist upon our right to dismiss it without prejudice, and that we refuse to proceed further with any evidence.'

"That thereafter the court stated: 'The motion to dismiss will be sustained, but the court will make no ruling as to whether it is with prejudice or without prejudice.'

"That both parties thereupon duly excepted to the ruling of the court. That thereafter the court discharged the jury from further attendance upon the case. That no further action has ever been taken in said cause by the Fifth judicial district court, except to sign a minute order embracing the foregoing proceedings as follows: 'In conclusion of the defendant's case, and when defendant had rested and before the plaintiffs had proceeded with any rebuttal, plaintiffs moved the court for a dismissal of the case without prejudice, which was resisted by the defendant. And the defendant moved the court to dismiss the case with prejudice, which in turn was resisted by the plaintiffs, and thereupon, and after argument, the court dismissed the case, refusing to make any order whether the dismissal was with prejudice or without prejudice, thereupon the plaintiffs duly excepted to the failure of the court to insert in its order that the dismissal was without prejudice; and the defendant excepted

to the refusal of the court to specify whether the dismissal was with or without prejudice.'

—and except that on or about the 15th day of February, 1924, plaintiffs requested the then acting judge of said Fifth judicial district court to render and enter as the judgment in said cause the form of judgment attached to plaintiffs' reply marked Exhibit A, and that said judge refused to render or enter said judgment, or any judgment in said cause, without notice to defendant's counsel, and without a hearing and presentation of the questions involved. That on Monday, February 18, 1924, plaintiffs, having theretofore paid the clerk's fees, and costs, presented to and filed with the clerk of said Fifth district court a proposed order for dismissal, a full, true and correct copy of which is attached to the reply herein marked Exhibit B, and on said date plaintiffs presented to said clerk a proposed form of judgment of dismissal, a full, true, and correct copy of which is attached to the reply herein marked Exhibit C, and requested said clerk at said time to execute the same and enter the same in his judgment book. The plaintiffs also on said date presented to said clerk and requested him to execute and enter in his judgment book the following form of judgment, to wit:

" 'Title of Court and Cause. Judgment of Dismissal. In accordance with the dismissal filed herein by counsel for plaintiffs, and pursuant to law in that behalf, the above entitled cause and the suit herein is hereby dismissed, at plaintiffs' cost. Dated February —— 1924. Attest the hand and seal of said court this —— day of February, A. D. 1924, ————, Clerk.'

"That said clerk advised with the county attorney of Juab county and refused to execute or enter any of said orders, without notice to defendant's counsel, and without an opportunity for them to be heard. That upon the records of the Fifth judicial district court, in and for Juab county, state of Utah, the following entries appear:

"An entry dated October 10, 1922, in the register of actions under the title of said court in said cause, 'Case dismissed.'

"In the judgment docket under date of October 14, 1922, under the title of said court and cause, the following: 'Case dismissed. Judgment for defendant for costs in the sum of $110.'

"That on October 14, 1922, defendant filed with said clerk in said cause a verified cost bill in the sum of one hundred and ten dollars ($110). That no final judgment, or any judgment in said case, in said Fifth judicial district court, in and for Juab county, state of Utah, has ever been rendered by the court or entered in the judgment book of said district court; that neither plaintiffs nor defendant acquiesced in the order made as aforesaid by said Fifth judicial district court, in said cause, but, on the contrary, took exceptions to the same."

"From the foregoing findings of fact the court makes its conclusions of law as follows:

"That the said Fifth judicial district court for the state of Utah, in and for the county of Juab, had and still has jurisdiction of the parties and the subject-matter of said prior suit. That the said suit is still pending, and that the same constitutes and is, under the provisions of section 6568, Compiled Laws of Utah 1917, 'another action pending between the same parties for the same cause.' That the suit herein is prematurely brought and defendant herein is entitled to judgment against the plaintiffs dismissing this action at plaintiffs' costs."

Judgment was entered for respondent in accordance with the conclusions, and plaintiffs appeal.

The findings of fact are not challenged by appellants' assignments of error. The conclusions of law are assailed as contrary to the findings and the evidence.

Some questions have been argued which were not assigned as error. These will not be considered. Others were assigned as error, but were not argued or referred to in the brief. Such questions will be treated as abandoned.

Stripped of all extraneous matter, the sole question to be determined is, Do the proceedings in the district court of Juab county, as set forth in the findings above quoted, indicate such a judgment of dismissal as to take the case out of the category of an "action pending" at the time of the trial of the instant case?

Comp. Laws Utah 1917, § 6848, relied on by appellant, reads as follows:

"An action may be dismissed or a judgment of nonsuit entered in the following cases:

"1. By the plaintiff himself at any time before trial, upon the payment of costs, if counterclaim has not been made, or affirmative relief sought by the answer of the defendant. If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the clerk to the defendant, who may have his action thereon;

"2. By either party upon the written consent of the other;

"3. By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal;

"4. By the court, when upon the trial and before the final submission of the case the plaintiff abandons it;

"5. By the court upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury; pro-

vided, that the offering of evidence after the overruling of a motion for a nonsuit shall not be deemed or considered a waiver of the exception taken by the defendant to the order overruling such motion;

"6. By the court, when after verdict or final submission the party entitled to judgment neglects to demand and have the same entered for more than six months.

"The dismissal mentioned in the first two subdivisions is made by an entry in the clerk's register. Judgment may thereupon be entered accordingly."

Respondent relies upon the same section and also upon section 6865 of the same compilation, which reads:

"The clerk must keep with the records of the court a book to be called the judgment book, in which the judgments and findings of fact must be entered." ,

It is undisputed in this case that the judgment in question was not entered in the judgment book kept by the clerk of the district court of Juab county.

Appellants' contention is that, inasmuch as the court made an order dismissing the action upon plaintiffs' motion and the same was entered by the clerk in his register of actions and also in the judgment docket, defined in section 6870 of said compilation, it was unnecessary, as far as concerns the question here, that a formal entry should be made in the judgment book, as provided in section 6865, supra. Respondent, on the other hand, contends that appellants had no power in their own right to dismiss the action after the trial commenced, and that in any event the judgment was not final until entered in the judgment book. These are the questions presented for our determination.

Under their contention that it was not necessary in this kind of a case that a formal judgment should be entered in the judgment book, appellants make the point that what should have been done by the clerk will be considered as having been done; that plaintiffs had the absolute right to dismiss the case upon their own order without the intervention of the court; and that at least such dismissal was accomplished when the clerk entered the dismissal in his register of actions. Counsel cite numerous authorities, especially decisions of the courts of Idaho and California,

among which are the following from which appellants have made copious quotations, and upon which they confidently rely: *Boyd* v. *Steele*, 6 Idaho, 625, 59 P. 21; *McLeran* v. *McNamara*, 55 Cal. 508; *Stover* v. *Stover*, 7 Idaho, 185, 61 P. 462; *Ramsey* v. *District Court*, 33 Idaho, 296, 193 P. 733; *McIntosh* v. *Robb*, 4 Cal. App. 484, 88 P. 517; *Kaufman* v. *Superior Court*, 115 Cal. 162, 46 P. 904. Many other cases from the same jurisdiction are cited, but the decisions in the cases above mentioned have been deemed by appellant of sufficient importance to quote from at considerable length. They appear to constitute their main reliance upon the question here presented. In *Boyd* v. *Steele*, supra, the syllabus succinctly states the questions decided by the court:

"Under the provisions of section 4354, Rev. St., which provides that an action may be dismissed by the plaintiff at any time before trial, upon payment of costs, provided a counterclaim has not been made or affirmative relief sought by the defendant, the plaintiff in such a case is entitled to a dismissal upon payment of costs, and filing his dismissal with the clerk.

"The clerk could not defeat a dismissal by neglecting or refusing to enter a formal judgment of dismissal.

"If the provisions of said section require a formal entry of judgment, it is one of the cases in which the law presumes that to have been done which ought to have been done.

"The omission to enter a judgment of dismissal did not defeat the plaintiff's dismissal of said action, nor did such dismissal remain in abeyance until the entry of judgment."

In that case the plaintiff directed the clerk to dismiss the action and the clerk entered an order to that effect in his register of actions. The direction to dismiss and order entered was before the trial commenced.

In *McLeran* v. *McNamara*, supra we quote the first and third headnotes, which reflect the court's opinion:

"In an action of ejectment (prior to the adoption of the Codes), a stipulation was filed, and an entry thereof made in the register, dismissing the action as to certain defendants and as to part of the land, but no judgment was entered thereon by the clerk. *Held* that, if it was necessary for a formal judgment to be entered, the law would consider that as done which ought to have been done. * * *

"The attorney for the plaintiff has power to dismiss the action by

virtue of his general authority, and a stipulation to that effect does not depend for its efficiency upon a special consent or authority given him by the plaintiff."

In that case a stipulation was filed with the clerk by plaintiff's attorney, dismissing the action as to some of the defendants and as to part of the property sued for, and entry made by the clerk in his register. The dismissal, however, was made before the trial commenced. The first headnote recites the fact that the case was prior to the adoption of the Codes, but it appears in the opinion that the practice act in force at that time was the same, in substance, as ours, as far as concerns the question presented here. In fact, it may be said in this connection that in all the California and Idaho cases relied on by appellants the statutes were substantially, if not literally, the same as ours as to this particular question.

In *Stover* v. *Stover*, supra, it was held by the court that it was error for the district court to refuse to enter an order dismissing an action brought by a wife for divorce when plaintiff applies therefor, and there is no affirmative relief sought by the defendant by way of cross-complaint or counterclaim. In that case plaintiff moved to dismiss prior to the commencement of the trial.

In *Ramsey* v. *District Court*, supra, it was held that a motion by plaintiff to dismiss was valid, even though a cross-complaint was filed, inasmuch as the cross-complaint did not state a cause of action. The motion to dismiss was made before the trial commenced. This case and the one next preceding refer to and follow the case of *Boyd* v. *Steele*, supra.

In *McIntosh* v. *Robb*, supra, after a demurrer to plaintiff's complaint had been sustained and leave given to amend, plaintiff, before the time expired, filed with the court a written order directing the clerk to dismiss the action. This was before the trial commenced. The court held that an action so dismissed cannot be pleaded as an action pending, nor is it a defense to a new action.

In *Kaufman* v. *Superior Court*, supra, the doctrine enun-

ciated in the cases we have reviewed was sustained. The right of a plaintiff before trial, where no cross-complaint or counterclaim is filed, to dismiss his action on payment of costs, is held to be absolute, and not dependent upon the consent of the opposing party or order of the court. But in that case, the same as in the others, the dismissal was made before the trial.

It may well be conceded that the plaintiff, in an action where no counterclaim or prayer for affirmative relief is demanded by the defendant, can, at any time before the trial, on payment of the costs, dismiss his action and direct the clerk to enter the dismissal in his register. That is the plain and unambiguous meaning of the statute above quoted, upon which appellants rely. As to whether a judgment of dismissal in such cases should be entered in the judgment book kept by the clerk, we do not decide, for that question is not involved in the instant case. The principal question before the court is, Has the plaintiff, against the objection of defendant, after the commencement of a trial on the merits, the absolute right to dismiss his action upon payment of costs, where there is neither a cross-complaint nor counterclaim filed for affirmative relief?

The cases we have thus far reviewed do not enlighten the court, because in each of them plaintiff brought himself within the literal terms of the statute by dismissing his action before the trial. We assume the word "trial" in the statute means a trial on the merits.

The first two subdivisions of the statute in question authorize the plaintiff to dismiss his action under the conditions therein prescribed. In all other cases mentioned in the statute, the dismissal can only be made upon order of the court. Plaintiffs claim under the first subdivision. It cannot be contended that they brought themselves within the literal terms of that subdivision. They can only be brought within its terms by an interpretation which gives to the statute a broader meaning than its language implies. The question therefore arises, Was it the plain duty of the clerk to interpret the statute and give it a meaning different from

what the language implies? Was it his plain duty to make any other entry than the one he did make in view of the stage of the trial and the statute under review, and especially against the strenuous objections of defendant? The clerk's duty was purely ministerial, and, unless it can be successfully contended that it was his plain duty under the statute to enter such judgment as appellants demanded, their contention on this appeal must fail, for it follows as a necessary corollary that the action is still pending in the district court of Juab county.

The question whether a plaintiff, as matter of right, can dismiss his case, after a trial on the merits has commenced and during its progress, without prejudice, where the defendant interposes objection, is one of first impression in this jurisdiction. We are aware of the fact that it has been a common practice in the district courts to dismiss cases upon motion of plaintiff, and that too without prejudice; at most any stage of the trial; but, as far as we are advised, such dismissals have usually been made without objection and order of dismissal entered as requested. In any event, this court has never had occasion to pass upon the question.

Respondent calls our attention to cases from other jurisdictions, where this identical question has been decided against appellants' contention under statutes similar to ours. *Empire Ranch & Cattle Co.* v. *Herrick,* 22 Colo. App. 394, 124 P. 748; *Bettis* v. *Schreiber,* 31 Minn. 329, 17 N. W. 863. Respondent also cites *State* v. *District Court,* 32 Mont. 37, 79 P. 546; *Gray* v. *Cook,* 135 Mass. 189, and cases from Rhode Island and Kansas, none of which are exactly in point because of difference in the statutes, or as in Massachusetts, where there is no statute upon the subject.

Many other cases have been cited by both appellants and respondent, having more or less bearing upon the question under review, but as it is not our intention to decide this question in the instant case, it is not necessary to dispose of the question on this appeal. Our purpose in considering the cases to the extent we have is to demonstrate the fact that the proceedings for dismissal in the district

court of Juab county presented a judicial question
to be decided by the court, and not a question which either
the appellants or the clerk could determine.

The appellants, of course, had the right to dismiss their
case at any stage of the trial, and it was, perhaps, the duty
of the clerk to enter the dismissal in his register; but what
effect such dismissal had presented a legal question for the
court. Both appellants and respondent at the time of the
dismissal requested a particular kind of judgment. The
court refused to permit any kind of judgment, except one of
dismissal, with costs for defendant. Both parties saved ex-
ceptions to the ruling of the court. No judgment at all was
entered in the judgment book, and that brings us to the only
other question involved.

Appellants' contention is that their order of dismissal in
the district court of Juab county was a final judgment which
disposed of that particular case. Assuming such to be the
fact, it necessarily follows that either of the parties who
might be dissatisfied with the judgment had the right of ap-
peal to this court. Each of the parties, as appears in the
findings, saved an exception to the order of the court re-
fusing to enter the particular judgment demanded. In or-
der, however, to render the case ripe for appeal, it was
necessary, under the uniform holdings of this court, that the
judgment should be entered in the judgment book. This
proposition will, undoubtedly, be conceded by appellants, if
the right to dismiss in the district court of Juab county
presented a judicial question for determination. We are
clearly of opinion, as hereinbefore stated, that the right of
appellants to dismiss their case, after the trial on the merits
had commenced, presented a judicial question which could
only be decided by the court. The order of the plaintiffs
and entry in the register purporting to be a final disposition
of the case, the judgment rendered thereon should have been
entered in the judgment book in order that the case might
be ripe for appeal. *Robinson* v. *Salt Lake City*, 37 Utah,
520, 109 P. 817. The proposition that before an appeal can
be taken to this court the judgment must be entered

in the judgment book has become so well established     2
by a long line of decisions in this jurisdiction that it
certainly is unnecessary at this late date to refer specifically
to the cases so holding.  Besides this, it was held in *Lukich*
v. *Utah Construction Co.,* 48 Utah, 452, 160 P. 270, that—

"Until a final judgment was entered, the cause was not disposed
of, and in one sense, therefore, it continued to be pending in the
district court for final disposition."

This doctrine is in perfect harmony with Comp. Laws,
Utah 1917, § 7220, which reads:

"An action is deemed to be pending from the time of its com-
mencement until its final determination upon appeal, or until the
time for appeal has passed, unless the judgment is sooner satisfied."

But appellants made the further point that, even if the
direction given to the clerk to dismiss the case, and the
entry made by him in his register did not constitute a final
judgment on October 10, 1922, appellants, however, had the
absolute right to dismiss their case in February, 1924, and
have the same entered in the judgment book at that time,
because their application therefor was made prior to the trial
of the instant case.

We do not doubt that the application was seasonably made,
and it was, undoubtedly, the duty of the court to order the
entry of some kind of judgment; but the court refused to
do so, and the result was the action in that case was left still
pending in that court, unless we can apply the doctrine here
that was announced in *Boyd* v. *Steele,* supra, that—

"The law presumes that to have been done which ought to have
been done."

That rule may have been a correct exposition of the law
as applied to that case, because, as we have shown, the order
of the plaintiff to dismiss his case was made before the com-
mencement of the trial.  In the opinion of the court, it would
be entirely inconsistent to apply the doctrine to a case of
this kind, for the reason that such a rule would in effect
controvert the logic of our former decisions.  If the rule can
be applied to a case of this kind, then the former decisions
of the court, holding inflexibly that judgment must be en-

tered in the judgment book before an appeal can be taken, must be wrong. Perhaps in most, if not nearly all the cases referred to, judgments ought to have been entered, and the failure to do so was attributable to some fault of the clerk, or, perhaps, the judge who tried the case. If the rule invoked can be applied here, why could it not have been applied in such former cases?

The refusal of the court to render a judgment, or the clerk to enter it in the judgment book when rendered, in a proper case, can be enforced by mandamus; and that certainly is a more orderly procedure than to "presume that to have been done which ought to have been done" in a case of this kind.

In view of the investigation we have made, we are forced to the conclusion that the action in the district court of Juab county was pending in that court at the time of the trial of the case at bar.

The judgment of the lower court is therefore affirmed, with costs for respondent.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP, JJ., concur.