(November 30, 1898.)

## ELLIOTT v. COLLINS.

### [55 Pac. 301.]

PRACTICE—DISMISSAL OF ACTION.—Under subdivision 1 of section 435, Revised Statutes, the plaintiff may dismiss at any time before a counterclaim has been made or affirmative relief sought by cross-complaint or answer of defendant.

PLEADINGS.—Under the provisions of subdivision 2, section 4168, in actions *ex contractu* or *ex delicto* the pleader is required to make in his complaint a statement of the facts constituting the cause of action in ordinary and concise language.

ELECTION OF REMEDIES.—In order to apply the doctrine of election of remedies the party must actually have at his command inconsistent remedies.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

As the witnesses were material and necessary, and the trial set and commenced, and no dispute of these facts, the court erred in refusing to allow their fees. (*Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704.)

Eugene O'Neill, for Respondents.

The claim that is resisted here is for witness fees for witnesses that never were sworn. And their attendance and presence was not material or necessary, and their fees were not necessary costs or disbursements to defendant, the case going off on a motion by defendant that could have been presented on April 10th, or any time between April 7th and April 10th before case was set. (*Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 705; Rev. Stats., sec. 4912.) Mr. Harrington was the first witness called by the plaintiffs. He originally lost logs sued for in this case. The court, too, would recognize that Harrington was plaintiffs' first witness and case went off on motion. (*Fanning v. Leviston,* 93 Cal. 186, 28 Pac. 943.) Affidavit does not show that witnesses were actually in attendance,

nor wherein their attendance was necessary in this. (Idaho Rev. Stats., sec. 6139.)

This action was brought in the probate court of Nez Perces county, to recover the value of two hundred and four sawlogs alleged to have been wrongfully taken from Snake river by Collins, the respondent. Judgment in that court went in favor of the plaintiffs, when an appeal was taken to the district court by the defendant. When the cause was reached for trial in the district court, and a jury impaneled for the trial of the case, and a witness sworn on behalf of the plaintiff had answered a preliminary question, counsel for defendant objected to a certain question then put to the witness, on the ground of irrelevancy and incompetency, and on the ground that the plaintiff had already brought an action *ex contractu* for "a recovery on the same cause of action set out in this action, which is an action *ex delicto* or in trover and conversion," and for that reason the court had no jurisdiction to hear any further evidence for or on behalf of the plaintiff; that the plaintiff, having elected to proceed *ex contractu,* waived the wrong, and was barred from any other remedy—which motion was sustained, and the cause of action dismissed. The record shows that the plaintiff brought an action against the defendant in the probate court of Nez Perces county to recover $200, alleged to be due for certain logs sold and delivered to the defendant by plaintiff and one Harrington. That suit was brought on the twentieth day of January, 1897. A demurrer was interposed and argued and submitted to the court on the twenty-ninth day of December, 1897; and, before the court announced its decision on the demurrer, the plaintiff moved to have the suit dismissed, without prejudice to a new action, which motion was granted, and the action dismissed. Thereupon this suit was commenced. In substance, it is alleged in the complaint as a first cause of action that one Jason M. Harrington owned certain sawlogs, and, while such logs were passing down Snake river, the defendant took possession of the same, and converted them to his own use, contrary to the form of the statute, and said Harrington's damage in the sum of $275; that demand was made for the same, which was refused; that said claim was duly assigned to plaintiff prior to the com-

mencement of the suit—and prays for judgment for $275. For a second cause of action, it is alleged that, while certain sawlogs of the plaintiff were passing down Snake river, the defendant forcibly took possession of and carried away sixty-eight logs, of the value of $136, and converted them to his own use; that demand has been made on the defendant for the return of said logs, or the payment of their value, which was refused by the defendant.

SULLIVAN, C. J. (After Stating the Facts.)—The question for decision is, Did the court err in entering judgment of dismissal? The respondent contends that in the first action the plaintiff elected to sue in *assumpsit,* and that he could not dismiss that action, and thereafter sue in tort. The trial court sustained this contention, and dismissed the suit. The first suit was dismissed by the court without prejudice to another action on the motion of plaintiff. In that action the defendant had not answered. That being so, the plaintiff had a right to dismiss his suit at the time he did, under the provisions of subdivision 1 of section 4354 of the Revised Statutes.

It appears from the record that the plaintiffs had but one remedy, and that was for the value of the logs. Subdivision 2, section 4168, requires the complaint to contain a statement of the facts constituting a cause of action in ordinary and concise language; and that is what was done in the complaint in this cause of action. In order to apply the doctrine of election of remedies, the party must actually have at command two inconsistent remedies. He must not only think he has them, but must in fact have them. (7 Am. & Eng. Ency. of Law, 364.) The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. Costs of the appeal are awarded to the appellants.

Huston and Quarles, JJ., concur.