(No. 6246.   September 27, 1935.)

DONALD F. MOLEN et al., Respondents, v. DENNING & CLARK LIVESTOCK COMPANY, a Corporation, et al., Appellants.

[50 Pac. (2d) 9.]

Hoyt Ray, for Appellants.

A. A. Merrill, for Respondents.

AILSHIE, J.—This case involves the construction of subd. 1 of sec. 7–705, I. C. A. While introducing the evidence for plaintiff and before completion thereof plaintiff's counsel moved the court to dismiss his action, defendant "objecting to said motion unless the plaintiff move to dismiss with prejudice to the institution of another action." The court granted the motion to dismiss "with costs" but said nothing about whether the dismissal should be with or without prejudice. Judgment of dismissal was thereupon entered and defendant has appealed and assigns as error, first, that the court had no authority to grant the motion for the alleged reason that it was not within the terms of sec. 7–705; and secondly, that the court erred in entering the judgment of dismissal without providing that the same should be "with prejudice" to any further action concerning the same subject matter.

A motion was made at the April term to dismiss this appeal on the grounds that the order and judgment was not appealable. We have concluded that the motion is not well taken and that the case should be decided upon the merits of the appeal.

The whole controversy here turns upon the meaning of the words "before trial" as contained in sec. 7–705, the material portion of which reads as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"1. By the plaintiff himself, at any time before trial, upon the payment of costs: provided, a counterclaim has not been made or affirmative relief sought by a cross-complaint or answer of defendant."

The concluding paragraph of the section contains this provision:

"The dismissal mentioned in the first two subdivisions is made by an entry in the clerk's register. Judgment may

thereupon be entered accordingly. A dismissal under the fifth subdivision shall operate as a bar to another action upon the same cause of action.''

The statute contains no specific definition of what constitutes a ''trial.'' However, sec. 7–206, entitled, ''Order of trial,'' directs the order of conducting a *trial* and subd. 1 provides that, ''plaintiff, after stating the issue and his case, must produce the evidence on his part,'' and ends with subd. 7, which deals with the giving of instructions to the jury. It would seem, therefore, that the legislature meant that the trial would *commence* with the plaintiff stating the issue and that it would not end until after the instructions are given by the court.

The word ''trial'' in the general legal acceptation of that term seems to not only include the *hearing* of the facts but also their final determination. Webster's Internatl. Dictionary defines the term by saying:

''In a general sense *trial* includes all proceedings from the time when issue is joined, or more usually when the parties are called to try their case in court, to the time of its final determination.''

Corpus Juris, under the title of ''Beginning and Conclusion'' of a trial (64 C. J. 32) says:

''A trial may be said to have commenced when all of the preliminary questions have been determined and the jury, or the court in the absence of a jury, enters on the examination of the facts for the purpose of determining the controversy. According to some authorities, the trial begins when any controverted question of law or fact is presented to the court for determination; but, according to other authorities, a trial does not commence until an issue of fact is joined. At any rate, there is no trial before an issue of law or fact is raised by the pleadings. The term 'trial' contemplates a final disposition of the controversy, either on the facts or on a question of law; and, when once commenced, a trial does not end until the examination or investigation is completed and a judgment can be entered.''

See also, ''Trial,'' Black's Law Dictionary (3d ed.).

██ ██ It seems clear that a trial has not been had until the evidence is all presented to the jury and they have been instructed as to the law, and the case has been finally submitted to them for decision. As to whether it is concluded until the verdict is returned or the findings are filed, is not involved in this inquiry and we make no commitment thereon. It has been held in a criminal case that trial is not completed until the verdict has been returned. (*Thomas v. Mills*, 117 Ohio St. 114, 157 N. E. 488, 54 A. L. R. 1220.) It should be noted that the statute does not read "before the *commencement* of trial" but rather says, "before trial." Our statute was adopted from California and it seems to have been the uniform holding in that state that the words, "before trial," mean any time before the final submission of the case to the court or jury for final determination. In *Westbay v. Gray*, 116 Cal. 660, 48 Pac. 800, the Supreme Court of California considered the question and reviewed a number of the previous decisions of the court bearing on the California section which corresponds with our section 7–705 and said:

"Subdivision 1 of section 581 of the Code of Civil Procedure provides that an action may be dismissed, or a judgment of nonsuit entered, '(1) by the plaintiff himself at any time before trial, upon payment of costs,' etc. In [*Hancock*] *Ditch Co. v. Bradford*, 13 Cal. 637, in construing a like expression in our former practice act, the court said, 'By "trial," here, is meant the determination or finding in the case.' In *Brown v. Harter*, 18 Cal. 76, it was held that plaintiff had not an absolute right to take a nonsuit after the case had been finally submitted and the jury had retired, but that he might do so at any time before such submission and retirement. In *Heinlin v. Castro*, 22 Cal. 100, it was held that after a cause had been tried and submitted to the court, and was held under advisement the plaintiff had no right to dismiss, and the court had no authority to dismiss. In the case at bar the action had been tried and submitted, but the order of submission had been set aside, and leave given to amend the pleadings. It stood, therefore, as though no submission had ever been had.

Under these circumstances, the plaintiff had a right to apply for, and the court had a right to grant, the dismissal.''

The Court of Appeals for the Second District of California had the same question before it in *Strupelle v. Strupelle,* 59 Cal. App. 526, 211 Pac. 248, and among other things said:

''In *Hancock Ditch Co. v. Bradford,* 13 Cal. 637 (cited with approval in *Westbay v. Gray, supra*), it was held that the word 'trial,' as used in that provision of the former practice act which corresponds with subdivision 1 of section 581 of the Code of Civil Procedure, means the determination or finding in the case. A plaintiff, therefore, even after the introduction of evidence by both sides, may dismiss the action in the manner permitted by subdivision 1 of section 581 of the Code of Civil Procedure, if he do so before the retirement of the jury or before the final submission of the case for decision by the court. *Westbay v. Gray, supra; MacDermot v. Grant,* 181 Cal. 332, 184 Pac. 396.''

In the later case of *In re Cook's Estate,* 205 Cal. 581, 271 Pac. 1083, 1085, the Supreme Court of California said:

''Such a dismissal is usually made under subdivision 1 of section 581 of the Code of Civil Procedure by written request of the plaintiff made to the clerk to' dismiss the action and by entering of the dismissal by the clerk in his register. But this method is not exclusive. It may be made in open court upon motion of the plaintiff. *Hinkel v. Donohue,* 90 Cal. 389, 27 Pac. 301; *Richards & Knox v. Bradley,* 129 Cal. 670, 672, 62 Pac. 316. The rule, however, is different when the judgment of dismissal is rendered on the application of either party with the written consent of the other. In such a case the dismissal is held to be a voluntary renunciation of the plaintiff's action and amounts to a retraxit. *Merritt v. Campbell,* 47 Cal. 542; *Stoutenborough v. Board of Education,* 104 Cal. 664, 38 Pac. 449; *Crossman v. Davis,* 79 Cal. 603, 21 Pac. 963. But where the dismissal is voluntary and is made without any agreement between the parties, it is not a bar to a subsequent action.''

See, also, *Allen v. Policy Holders' Life Ins. Assn.,* 129 Cal. App. 734, 19 Pac. (2d) 253; *Griggs v. Meek,* 37 Wyo. 282, 261 Pac. 126; *Yusky v. Chief Consol. M. Co.,* 65 Utah, 269, 236 Pac. 452.

In *Ramsey v. District Court*, 33 Ida. 296, 193 Pac. 733, this court considered the meaning of this same statute which was then sec. 6830, C. S., and said:

"Under C. S., sec. 6830, a plaintiff has an absolute right to dismiss his action, provided a counterclaim has not been filed or affirmative relief sought by the cross-complaint or answer of defendant. The dismissal may be accomplished by a motion addressed to the court, as well as by a formal certificate of dismissal. If a motion be made, the court has no power to deny it. In contemplation of law the action is dismissed upon the filing of the motion or a formal dismissal. (*Boyd v. Steele*, 6 Ida. 625, 59 Pac. 21; *Elliott v. Collins*, 6 Ida. 266, 55 Pac. 301.)"

Under this statute it was unnecessary for the plaintiff to apply to the court for an order of dismissal where there was no cross-complaint or counterclaim. It was the duty of the clerk upon application of plaintiff's attorney to make the entry of dismissal upon his register of actions. Entry of the judgment (if necessary) was only a ministerial act to be performed by the clerk. It was suggested by this court in *Boyd v. Steele, supra,* that the requirement for entry of judgment did not apply to a voluntary dismissal by plaintiff. However, we are not confronted with that question here and do not pass upon it. The fact that plaintiff's attorney applied to the court for the order of dismissal instead of applying to the clerk did not defeat or impair his right to have the order entered.

The concluding sentence of the section (7–705) providing that: "A dismissal under the *fifth* subdivision shall operate as a bar to another action upon the same cause of action," negatives any intention of the legislature to preclude by operation of the statute a plaintiff from commencing another action on a cause of action dismissed under any one of the four preceding subdivisions. This provision is not contained in the California statute.

Judgment affirmed with costs to respondents.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.