(No. 6432. June 24, 1937.)

C. O. BENTING, Respondent, v. PAUL ALOYS SPAN-BAUER and ELOUISE EUGENIA SPANBAUER, Minors, by Their Guardian, MATILDA K. GWOT-NEY, Appellants.

[69 Pac. (2d) 983.]

Donald R. Good, for Appellants.

C. O. Benting, for Respondent.

HOLDEN, J.—In March, 1931, appellant was the guardian of the persons and estates of certain minors and respondent was practicing law at Pocatello, Idaho. About the 10th of that month, appellant consulted respondent about foreclosing, and employed him to foreclose, a certain real estate mortgage theretofore executed and delivered to her as such guardian. Respondent, pursuant to such employment, in his capacity as an attorney at law, prepared a complaint for the foreclosure of that mortgage, caused the same to be filed and service of process to be made, submitted the proof, obtained a decree, and caused the property to be sold at sheriff's sale. In the foreclosure suit, the court awarded respondent an attorney's fee in the sum of $750. Following the entry of a decree in said suit, and a sale of the property, a dispute arose between respondent and appellant concerning the terms

of the contract of employment under which respondent, as an attorney at law, performed the services in and about the foreclosure of the mortgage.

July 19, 1934, respondent commenced this suit for the foreclosure of the statutory lien given to secure the payment of attorney's fees by section 3-205, I. C. A. May 21, 1935, respondent filed a supplemental complaint to which appellant interposed a general and special demurrer. June 7, 1935, said demurrer was overruled. March 17, 1936, appellant filed an amended answer and affirmative defense to said supplemental complaint. April 3, 1936, respondent interposed a general and special demurrer to said answer and affirmative defense, and also moved to strike certain matter therefrom. July 22, 1936, the court sustained respondent's general demurrer to said answer and affirmative defense, with leave to appellant to file an amended answer within twenty days, but overruled respondent's special demurrer, and denied his motion to strike. Appellant having failed to plead further, default was entered August 27, 1936.

September 16, 1936, a decree was entered in favor of respondent and against appellant for the sum of $750, being the amount of the attorney's fee allowed in said mortgage foreclosure suit, plus interest and costs, and awarding respondent a lien upon the real property described in the decree of foreclosure first hereinbefore mentioned. The appeal to this court is from the decree entered in the case at bar, foreclosing the said statutory lien.

In her affirmative defense appellant alleged: That she was unfamiliar with "matters relating to the employment of attorneys or the foreclosure of real estate mortgage liens"; that in May, 1930, at Pocatello, Idaho, she consulted respondent in his capacity as an attorney at law concerning the matter of the foreclosure of said real estate mortgage; that respondent informed her he would accept employment to foreclose such mortgage upon the following terms and conditions: that respondent should receive as compensation for services rendered in the foreclosure suit the full amount allowed by the court as a reasonable attorney's fee, "if the defendants in said mortgage foreclosure action, or either or

any of them, should redeem said real property so foreclosed,''
but that if it became ''necessary for the said guardian to purchase said real property at the sale held pursuant to the
Decree of Foreclosure, then and in that event the said guardian and the estates of said minor heirs, hereinbefore mentioned and described, were to pay only the minimum amount
allowed by the Bar rates then in effect at Pocatello, Idaho,
for the foreclosure of a real estate mortgage, which said sum
plaintiff (respondent) herein then and there stated and gave
the said Matilda K. Gwotney to understand and be informed
to be the sum of $75.00, which said sum he (respondent)
promised and agreed to and with the said Matilda K. Gwotney in her capacity as such guardian to accept in payment in
full for his services as an attorney in connection with the
foreclosure of said mortgage should it become necessary for
defendants herein to become purchasers of said property
aforesaid, and no redemption was thereafter made during the
statutory period.''

And appellant further alleged: ''That the said Matilda K.
Gwotney, relying upon such representations and promises of
the said C. O. Benting, did then and there authorize him to
proceed with the foreclosure of said real estate mortgage
upon the basis of the employment or remuneration herein set
forth.''

Appellant contends that the trial court erred in sustaining respondent's general demurrer to her affirmative defense.
Respondent, by his general demurrer, admits the
truth of all the material facts alleged in appellant's affirmative defense, as well as all inferences which can be reasonably
drawn from such facts. (*Henderson v. Twin Falls County,*
56 Ida. 124, 50 Pac. (2d) 597, 101 A. L. R. 1151.)

Briefly, the record presents this situation: Appellant, as
guardian of certain minor heirs, had the duty imposed upon
her of employing an attorney to foreclose a real estate mortgage. In the discharge of that duty she consulted respondent. She had had no experience which would aid her in the
performance of that duty, and, therefore, must rely and depend upon the counsel and advice of respondent. It appears
from the facts so alleged in appellant's affirmative defense,

respondent contracted with appellant that in the event the defendants (mortgagors) in such suit redeemed the mortgaged property during the statutory period, he would accept as full compensation for his services whatever amount the court allowed as a reasonable attorney's fee in the mortgage foreclosure suit, but that in the event the defendants (mortgagors) did not redeem during the statutory period, then he would accept in full payment for such services, the sum of $75, the minimum amount fixed by the Bar at Pocatello for the performance of similar services. In other words, appellant alleged, and respondent by his general demurrer admits, that he contracted to accept whatever amount the court allowed as a reasonable attorney's fee, if the defendants (mortgagors) paid the fee in the course of redeeming the mortgaged property, but, on the other hand, if the defendants (mortgagors) did not redeem (and demurrant admits they did not), and so and in that manner pay such fees, and appellant for that reason had to pay respondent for his services, then and in that event, respondent would accept in full for his services the minimum Bar fee, to wit, $75.

The relationship of client and attorney is one of trust, binding an attorney to the utmost good faith in dealing with his client. In the discharge of that trust an attorney must act with complete fairness, honor, honesty, loyalty, and fidelity in all his dealings with his client. (*Ainsworth v. Harding*, 22 Ida. 645, 647, 128 Pac. 92.) As supporting that principle, see also, *Wolfe v. Bass Furniture & Carpet Co.*, 152 Okl. 125, 3 Pac. (2d) 895; *McNeal v. Foreman*, 117 Cal. App. 155, 3 Pac. (2d) 583.

It follows from what has been said that the trial court erred in sustaining respondent's general demurrer to appellant's affirmative defense. The judgment, therefore, is reversed and the cause remanded for further proceedings, with instructions to the trial court to overrule respondent's general demurrer. Costs awarded to appellant.

Morgan, C. J., and Ailshie, Budge and Givens, JJ., concur.