## CAMPBELL et al. v. NELSON et al.

No. 6206. Decided May 1, 1942. (125 P. 2d 413.)

*Cyrus G. Gatrell,* of Salt Lake City, for appellants.

*Barclay & Barclay,* of Salt Lake City, for respondents.

TURNER, District Judge.

Appeal from a judgment in favor of the plaintiffs in an action in ejectment brought by the plaintiffs, Ruby E. Campbell, and H. K. Cranney and Mary Cranney, husband and wife, against Andrew A. Nelson and his wife, for the recovery of the possession of certain residential property located at 732 South Eighth East Street, Salt Lake City. Plaintiffs also sought damages in the sum of $275 for the wrongful detention of the property and $176 for the value of the rents.

By the complaint filed November 22, 1937, it is alleged that the plaintiff, Ruby E. Campbell, has been the owner of the legal title to the said premises since December 8, 1936, and that the plaintiffs, Cranneys, ever since said date have been entitled to the possession of the said premises under a real estate contract made between the plaintiff Campbell, as seller, and the plaintiffs Cranneys, as buyers. The complaint further alleges that ever since said date the defendants have been in unlawful possession of the said premises and have refused to surrender possession to the plaintiffs.

The defendants pleaded in abatement the pendency of another action between the same parties upon the same cause, and answering to the merits denied plaintiffs' claim of ownership and any right in the plaintiffs Cranneys to possession of the premises. Answering defendants' plea in abatement plaintiffs alleged in their reply

that prior to the commencement of this action, on the 22nd of November, 1937, the judge of the district court made and entered an order dismissing without prejudice the action referred to by the defendants. A formal order of dismissal without prejudice was signed by the court but appellant maintains that because the clerk failed to enter judgment thereon the former action is still pending. This contention is not sound. The statute involved, Section 104-29-1, R. S. U. 1933, reads as follows:

"An action may be dismissed without prejudice, or a judgment of nonsuit entered: (1) By the plaintiff himself at any time before trial, upon the payment of costs, if a counterclaim has not been made or affirmative relief sought by the answer of the defendant. * * *"

The present case came up for hearing and the court ruled against the defendants upon their plea in abatement and denied their motion for a nonsuit. The former cause was properly dismissed before trial since defendants did not plead a counterclaim or seek affirmative relief. The case of *Molen et al.* v. *Denning & Clark Livestock Co. et al.*, 56 Idaho 57, 50 P. 2d 9, 10, supports our conclusion in this regard. In construing a statute similar to that of Utah the Idaho court said:

"Our statute was adopted from California and it seems to have been the uniform holding in that state that the words, 'before trial,' mean any time before the final submission of the case to the court or jury for final determination."

The formal order of dismissal was signed and filed. The entry of the judgment was merely a ministerial act to be performed by the clerk. As said by the California Court in *Long* v. *Superior Court*, 14 Cal. App. 2d 753, 58 P. 2d 952:

"While it is the duty of the clerk to enter the dismissal in his register, the dismissal finally terminates the case when filed with the clerk whether or not he makes the proper entries."

Since the former action was not pending at the time of the present action the trial court properly overruled defendants' plea in abatement.

For an affirmative defense defendants alleged that on February 1, 1934, defendant Andrew A. Nelson was employed by the National Second Mortgage Corporation, which then represented to him that it was the owner of the said premises; that the house thereon was in a dilapidated condition; that it could be renovated and repaired so as to make a desirable home for defendants, and offered the same to the defendants for $750 on installments; and further offered to advance costs of needed materials for reconditioning the house and that these costs should later be deducted from defendants' earnings; that believing such representations to be true and relying upon them, defendants accepted such offer and agreed to purchase the premises, after which they entered into possession and made repairs.

The corporation deducted from his earnings and those of his son certain sums of money which repaid the corporation for advances made for improvements, and in addition made payments upon the purchase price of the premises. Defendant had taken possession of the premises on or about March 1, 1934, and contends that under his oral agreements with the National Second Mortgage Corporation the purchase price was $750. On or about November 21, 1934, a written agreement was submitted to the defendant by the National Second Mortgage Corporation, showing the purchase price to be $1,250. The defendant refused to sign this agreement, saying he was through and had not agreed to pay more than $750 for the property. (Credits of $86 and $10 were noted on the back of this contract as payments by the defendants on the purchase price.) The mortgage company, which held a $400 second mortgage, then gave a quit-claim deed to the premises to the plaintiff. However, defendant continued to live in the premises and claims the right to do so by virtue of the oral agreement with

the mortgage company. This agreement was void by reason of Section 33-5-3, R. S. U. 1933, which reads as follows:

"Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing."

The terms of the contract in the present case were indefinite. An oral contract for the purchase of real property must be sufficiently definite and certain so that it can be enforced by the court. Until the parties have ██ agreed as to the terms there is not an enforceable contract in fact, and partial performance cannot make up for the deficiency in the understanding between the parties.

The court found that the plaintiff, Ruby E. Campbell, is the holder of the legal title to the premises involved and that the plaintiffs, Cranneys, were entitled to immediate possession, and held in favor of the plaintiffs. Defendants were ordered to pay to the plaintiffs $275 as damages for unlawful retention of the premises and $176 as the value of the rents for the period of time defendants wrongfully retained possession of the premises. There was substantial evidence to support the findings of the trial court. The conclusions that plaintiff Campbell is the owner of the premises in dispute and that the plaintiffs, Cranneys, under their contract to purchase the premises from the owner are entitled to possession, are sound conclusions and supported by sufficient evidence. The plaintiffs have been deprived of the use and rent of the property and are entitled to bring the present ejectment. The plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's title. This rule does not require a plaintiff to exhibit a perfect chain of title as against one wrongfully in possession. *Cotterell* v. *Pickering*, 32 Utah 62, 88 P. 696, 10 L. R. A., N. S., 404. The evidence and exhibits received by the trial court establish conclusively that the court did not commit error in denying defendants' mo-

tion for a nonsuit and in deciding the controversy in favor of the plaintiffs.

After the defendants refused to sign the written contract presented to them by the National Second Mortgage Corporation they continued in possession of the premises for more than two years before action was taken against them. A reasonable rental for the premises for the time they occupied the place would exceed the total of what the defendants put into the premises by way of repairs and the sums awarded by the trial court for rent and damages.

We are of the opinion that the trial court did not commit any prejudicial error and its judgment is hereby affirmed. Respondents to recover costs.

MOFFAT, C. J., WOLFE, and LARSON, JJ., concur.

McDONOUGH, J., being disqualified, did not participate herein.

PRATT, J., not participating.