327 P.2d 362

JOHN HOENE IMPLEMENT, Inc., a Corporation, Plaintiff, Cross-Defendant and Respondent,

v.

Harold PETERS, Defendant, Cross-Plaintiff and Appellant.

No. 8590.

Supreme Court of Idaho.

June 25, 1958.

Wm. J. Dee, Grangeville, for appellant.

Wm. H. Foster, Grangeville, for respondent.

McQUADE, Justice.

After the defendant and appellant herein filed an answer, counterclaim and cross-complaint, the plaintiff and respondent herein made a motion to dismiss the complaint and secured an order of dismissal from the trial court. Thereafter plaintiff's demurrer to the cross-complaint was sustained, and a judgment of dismissal entered.

The issues presented by this appeal are: 1. May a complaint be dismissed where a counterclaim or cross-complaint has been filed? 2. Does the cross-complaint state facts sufficient to constitute a cause of action? 3. Is there a misjoinder of causes of action?

Plaintiff commenced its action by filing a complaint against the defendant. Plaintiff alleges it is the holder of a certain installment note signed by the defendant, and the amount set forth therein is due and owing. Defendant filed an answer with counterclaims and a cross-complaint. The defendant, by way of an affirmative defense, alleges that the complaint does not set forth the note in full; that the note, in its entirety, created a chattel mortgage, and that plaintiff had not first proceeded to collect the debt against the property.

Defendant's counterclaim alleges a set-off of a $200 installment payment on a truck after he had traded it to plaintiff on a harvester-thresher, and alleges that the plaintiff agreed to refund this sum. Defendant also counterclaims in the sum of $115.98 for interest which plaintiff charged the defendant. Defendant otherwise admits the indebtedness on the note.

Defendant's cross-complaint alleges he had traded a truck to the plaintiff for a certain harvester-thresher; that the defendant left the farming business owing a substantial open account to plaintiff, that a representative of plaintiff suggested that he sign a note with the harvester-thresher as secur-

ity, promising that the plaintiff would undertake to sell the harvester-thresher. It is also alleged that the representative of plaintiff, as inducement, promised to cancel the note with the proceeds of the sale of the machine and retain any balance of the sale price as commission. Defendant further alleges that at the time of making the note the harvester equipment had a greater value than the note; that plaintiff had at least one opportunity to sell the machine but failed and neglected to do so and in its stead the plaintiff sold a like machine of its own; that since the making of the note, and due to plaintiff's failure, neglect and refusal to sell the harvester-thresher, defendant has been damaged in the sum of $1200.

 Under the circumstances of the record in this case, the statutory provisions germane to dismissal of actions are most pertinent. The applicable portion of I.C. sec. 10–705, which provides for dismissal or nonsuit of an action, is as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"1. By the plaintiff himself, at any time before trial, upon the payment of costs: provided, a counterclaim has not been made or affirmative relief sought by a cross-complaint or answer of defendant * * *."

The above section requires there be affirmative relief sought by the answer before a defendant has standing to resist a plaintiff's motion to dismiss his complaint. The statute was discussed in Brown v. T. B. Reed & Co., 31 Idaho 529, 174 P. 136. The answer in this case does not seek affirmative relief, and in accordance with Brown v. T. B. Reed & Co., supra, the defendant cannot urge error for dismissal of the complaint based upon his answer.

 We now pass to the next portion of the pleading, to wit, the counterclaim. A set-off or counterclaim necessarily implies the seeking of affirmative relief, as in this case a reduction of the amount due and owing by defendant to plaintiff, since the very nature of this pleading is the pursuit of affirmative relief. This Court has construed the meaning of a counterclaim in an earlier case:

"* * * The scope of pleading for a cross-complaint, under section 4188, is not as comprehensive as for a counterclaim, under section 4184. A cross-complaint, under section 4188, must relate to or depend upon the contract or transaction on which the main case is founded, or affect the property to which the action relates, but does not necessarily seek its relief against all or any of the original plaintiffs or defendants. On the other hand, a counterclaim, while it must exist in favor of the de-

fendant and against the plaintiff or plaintiffs, may go further, and, if the cause of action arose on contract, may set forth any other cause of action arising on contract as a counterclaim thereto. As to subject-matter, the counterclaim is the more comprehensive and liberal; but for relief against individual plaintiffs or defendants, or bringing in new parties against whom a defendant claims relief growing out of the subject-matter of the action, the cross-complaint is the available procedure. See Stevens v. [Home Sav. etc.] Ass'n, supra. [5 Idaho 741, 51 P. 779]" Hunter v. Porter, 10 Idaho 72, 77 P. 434, 438.

The defendant in his action admits the execution of the note and the accuracy of the amount due thereunder, but seeks set-offs of $200 and $115.98.

█ The amount of $200 sought by defendant arises out of the original transaction wherein he traded in the truck and purchased the harvester-thresher; being affirmative relief, it must be considered in arriving at the amount due to the plaintiff. Defendant thus brings his counterclaim within the definition of that pleading, and within the prohibitory scope of I.C. sec. 10–705 denying dismissal of a complaint when a counterclaim has been made.

█ Coming to the cross-complaint, whether it states facts sufficient to consti-

tute a cause of action, it is to be tested in all respects as a complaint, in that all the allegations therein must be taken as true for the purpose of the general demurrer. Benting v. Spanbauer, 58 Idaho 44, 69 P.2d 983; Little v. Bergdahl Oil Co., 60 Idaho 662, 95 P.2d 833; Parsons v. Kootenai Rural Electrification Ass'n, 71 Idaho 510, 234 P.2d 828; Brown v. T. B. Reed & Co., supra.

"A cross-demand must be pleaded as fully as an original cause of action; it must be sufficient in itself, without recourse to other pleadings, unless expressly referred to therein. 31 Cyc. pp. 227, 228; 21 Cal.Jur. p. 84, § 53; 1 Bancroft's Code Pleading, § 386; Kreichbaum v. Melton, 49 Cal. 50; Coulthurst v. Coulthurst, 58 Cal. 239; Bullard v. Bullard, 189 Cal. 502, 209 P. 361; Mathews v. Sniggs, 75 Okl. 108, 182 P. 703, 706; Gary Hay & Grain Co. v. Carlson, 79 Mont. 111, 255 P. 722, 729; L. B. Menefee Lumber Co. v. MacDonald, 122 Or. 579, 260 P. 444, 447; Allen v. Douglass, 29 Kan. 412; Tee v. Noble, 23 N.D. 225, 135 N.W. 769; Conger v. Miller, 104 Ind. 592, 4 N.E. 300; Fletcher v. MacGinniss, 168 App.Div. 225, 153 N.Y.S. 581." Denton v. Detweiler, 48 Idaho 369, 282 P. 82, 84.

The essentials of a complaint are statutory, and are set out in I.C. sec. 5–605:

"The complaint must contain:

"1. The title of the action, the name of the court and county in which the action is brought, and the names of the parties to the action.

"2. A statement of the facts constituting the cause of action, in ordinary and concise language.

"3. A demand of the relief which the plaintiff claims; if the recovery of money or damages be demanded, the amount thereof must be stated."

The cross-complaint in this cause generally alleges the facts of the note, an agreement on the part of the plaintiff to sell the harvester-thresher, the opportunity and failure of plaintiff to sell the equipment, and the depreciated loss in the sum of $1200 thereafter suffered by the defendant. It alleges sufficient facts to apprise the plaintiff of the issues to be tried, and relates to the original transaction. C. I. T. Corporation v. Elliott, 66 Idaho 384, at page 394, 159 P.2d 891; Hunter v. Porter, 10 Idaho 72, 77 P. 434; it also requests affirmative relief. Ramsey v. District Court, 33 Idaho 296, 193 P. 733.

This Court elaborated upon a cross-complaint in Brown v. T. B. Reed & Co., supra, [31 Idaho 529, 174 P. 137] when it said as follows:

"With respect to the cross-complaint, however, the case presents a very different situation. This pleading responds to the requirements of a cross-complaint as defined by our statute. It seeks affirmative relief against the party bringing the action, and it relates to or depends upon the contract or transaction upon which the original action was brought. * * *"

■ Affirmative relief was sought in the cross-complaint in the sum of $1,200, thus meeting the requirements of I.C. sec. 10-705 relative to the prohibition against dismissing an action when affirmative relief is sought by a cross-complaint.

■ That portion of the plaintiff's demurrer to the cross-complaint stating that there was a misjoinder of causes of action is of no avail inasmuch as the cross-complaint is based upon the same transaction as set out in the plaintiff's complaint.

In determining if there is a misjoinder of causes of action, the essentials of a counterclaim are set out by statute, I.C. sec. 5-613:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising upon contract; any other cause of action arising also upon contract and existing at the commencement of the action."

and I.C. sec. 5–617:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court, subsequently, a cross-complaint. The cross-complaint must be served upon the attorneys of the parties who have appeared, who may demur or answer to the same within twenty days after such service as if it were an original complaint; and summons may be issued and served upon the parties to the action or proceeding who have not appeared."

Both the counterclaim and the cross-complaint seek affirmative relief and relate to the transaction upon which the action is brought.

The judgment is reversed, and the trial court is directed to reinstate the complaint, the answer, counterclaim and cross-complaint.

Costs to appellant.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.